IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:21-cv-799

**MICHAEL L. GRIFFIN,**

    Plaintiff,

vs.

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**

    Defendant.

## COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest, as provided by ERISA.

PARTIES

2. Plaintiff, Michael L. Griffin, is a citizen and resident of Stanfield, Stanly County, North Carolina.

3. Defendant, Lincoln Life Assurance Company of Boston (hereinafter "Lincoln"), is a New Hampshire corporation with a principal office in Boston, Massachusetts. Lincoln operates under the name "Lincoln Financial Group" (hereinafter, collectively referred to as "Lincoln").

4. At all times relevant to this action, Liberty Life Assurance Company of

Boston ("Liberty") provided insured long-term disability ("LTD") benefits pursuant to the Duke Energy Active Health and Welfare Benefit Plan (the "Plan").

5. Upon information and belief, effective in 2018, Liberty was acquired by Lincoln under the terms of a master transaction agreement and, effective September 1, 2019, Liberty changed its name to Lincoln Life Assurance Company of Boston.

6. Lincoln Life Assurance Company of Boston is the successor in interest to Liberty Life Assurance Company of Boston for all matters at issue in this litigation.

7. Any of the acts or omissions described herein that were by Liberty are now properly ascribed to and/or assumed by Lincoln (Liberty and Lincoln hereinafter collectively referred to as "Defendant").

8. Defendant serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

9. Defendant has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

11. Venue in the Middle District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

12. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. GF3-850-288203-01) issued by Defendant to Duke Energy Corporation (the "Policy").

13. Plaintiff worked as a Resource Planner for Duke Energy Corporation ("Duke") prior to his disability onset.

14. The Plan provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

> *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

15. The Policy defines "Material and Substantial Duties" as follows:

> *"Material and Substantial Duties" means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

16. The Policy defines "Own Occupation" as follows:

> *"Own Occupation" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, [Lincoln] will consider the Covered Person's occupation as it is normally performed in the national economy.*

17. The Policy defines "Any Occupation" as follows:

> *"Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

3

18. On or about May 10, 2019, Plaintiff was forced to stop working and leave employment with Duke due to severe gastrointestinal issues leading to malabsorption and excessive weakness, as well as pain in his arms, back, feet, and joints.

19. Plaintiff suffers from numerous conditions, including, but not limited to:

   a. Bowel-associated dermatosis-arthritis syndrome ("BADAS");

   b. Malabsorption due to bile duct damage;

   c. Brachial plexus damage;

   d. Arthritis;

   e. Neuropathy;

   f. Insomnia;

   g. Chronic anemia;

   h. Lumbar facet arthropathy; and

   i. Hepatic steatosis.

20. As a result of these conditions, Plaintiff continues to experience numerous debilitating symptoms, including, but not limited to: back pain, foot pain, skin rashes, joint pain, muscle aches, decreased concentration, chronic diarrhea, excessive daytime sleepiness, and extreme weakness.

21. Plaintiff's required medications also cause a host of debilitating side-effects, including, but not limited to: cognitive impairment, significant sedation, and fatigue.

22. As a result of his numerous and severely disabling conditions, Plaintiff is unable to perform the Material and Substantial Duties of his Own Occupation as a

4

Resource Planner, which included, but were not limited to, developing and implementing annual plans that encompassed a half billion dollars in resources and that impacted approximately 5,000 employees across various Duke business units. To do this, Plaintiff was tasked with providing cost analysis, providing process support and implementation, forecasting resources, managing materials and inventory, and assigning resources.

23. Plaintiff's job necessitated that Plaintiff have strong analytical skills; a vast knowledge of metrics, business planning, risk analysis, cost management, and workflow; collaboration skills; robust presentation skills in presenting to all levels within Duke; advanced strategic thinking skills; excellent written and oral communication skills; an ability to meet stated deadlines and respond quickly to changing needs through a teamwork approach; a broad knowledge of Duke and its business units/operations; and flexibility to take on new assignments.

24. As a result of his numerous and severely disabling conditions, Plaintiff is unable to perform the Material and Substantial Duties of Any Occupation.

25. After being forced to leave work on or about May 10, 2019, Plaintiff applied for LTD benefits under the Plan.

26. By letter dated November 1, 2019, Defendant denied Plaintiff's LTD benefit claim.

27. Plaintiff timely appealed the denial of his LTD benefit claim by letter dated April 28, 2020, submitting updated medical records, three letters authored by his treating physicians in support of his claim, relevant medical literature, and other pertinent

documentation.

28. By letter dated August 14, 2020, Defendant approved Plaintiff's claim from November 1, 2019 through August 10, 2020, but terminated the claim as of August 11, 2020.

29. Plaintiff timely appealed the termination of his LTD benefit claim by letter dated February 9, 2021. The next day, February 10, 2021, Plaintiff supplemented his appeal with another supportive statement from his treating physician.

30. Plaintiff was approved for Social Security Disability Income ("SSDI") benefits by letter dated March 3, 2021, retroactive to November 2019.

31. Plaintiff notified Defendant of his SSDI benefit approval by letter dated March 19, 2021.

32. By letter dated June 3, 2021, Defendant upheld its decision to terminate Plaintiff's LTD benefit claim.

33. Plaintiff now has exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

34. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

   a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of his disability, he is unable to perform the Material and

Substantial Duties of his Own Occupation, and is unable to perform the Material and Substantial Duties of Any Occupation;

  b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, by ignoring credible evidence that Plaintiff is unable to perform the Material and Substantial Duties of his Own Occupation, and by ignoring credible evidence that Plaintiff is unable to perform the Material and Substantial Duties of Any Occupation;

  c. Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to the plain language of the Policy and unreasonable;

  d. Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on his ability to perform the Material and Substantial Duties of his Own Occupation, and on his ability to perform the Material and Substantial Duties of Any Occupation;

  e. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of his benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying his benefits claim; and

  f. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan and Policy, and that Defendant be ordered to pay LTD benefits, and all other related and incidental benefits, until such time as Plaintiff reaches age 66 and 10 months or is no longer disabled;

2. Award pre-judgment interest at a rate of at least 8%;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of benefits; and

4. Enter an award for such other relief as may be just and appropriate.

This the 13th day of October, 2021.

/s/Caitlin H. Walton
**CAITLIN H. WALTON**
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*